UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARVIN TATE BROADUS,

                Plaintiff,

     v.

CITY OF BELLEVUE, *et al.*,

                Defendants.

Case No. C14-0490-RAJ-MAT

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Marvin Broadus brings this civil rights action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief and damages for alleged violations of his federal constitutional rights and state law arising out of his arrest by City of Bellevue police officers in March 2011. Plaintiff identified three defendants in his complaint: the City of Bellevue, the Bellevue Police Department, and Bellevue Police Officer Conner. The City of Bellevue ("the City") now moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure with respect to plaintiff's § 1983 claims, and for summary judgment with respect to plaintiff's state law claims. Plaintiff has filed no response to the City's motion.

The Court, having reviewed the City's motion, and the balance of the record, concludes

REPORT AND RECOMMENDATION
PAGE - 1

that the motion for judgment on the pleadings with respect to plaintiff's § 1983 claims should be granted and that such claims should be dismissed with prejudice.  The Court further concludes that the motion for summary judgment with respect to plaintiff's state law claims should be denied as moot and that such claims should be dismissed without prejudice.

## FACTUAL ALLEGATIONS

Plaintiff alleges in his complaint that on or about March 18, 2011[1], he was engaged in a verbal dispute with other individuals in the Downtown Park in the City of Bellevue and that Bellevue police officers were dispatched to the scene after receiving an anonymous call reporting the dispute. (Dkt. 1 at 3.)  Plaintiff contends that upon their arrival at the scene, several officers "ambushed" the arguing group and at least one officer pointed a firearm towards the group.  (*Id*.) After the group had been separated by officers, one officer, whom plaintiff identifies as Officer "Conner or O'Conner," asked plaintiff his name. (*Id*.)  Plaintiff immediately asserted his right to remain silent and asked what crime had been committed. (*Id*.)

While plaintiff continued in his refusal to reveal his name to Officer Conner/O'Conner, another individual in the arguing group identified plaintiff to a different officer and that officer shouted plaintiff's name to Officer Conner/O'Conner.  (*Id*.)   Officer Conner/O'Conner then grabbed plaintiff's arm, placed him in handcuffs, conducted a pat search, and opened plaintiff's backpack without his permission. (*Id*.)  Plaintiff was subsequently booked into the King County Correctional Facility where he remained for 11 months before being acquitted at trial on all charges arising out of the incident in the Bellevue Downtown Park.  (*Id*.)  Plaintiff asserts that defendants' actions violated his rights under the Fourth, Eighth and Fourteenth Amendments of

---

[1] Defendant City of Bellevue indicates in its dispositive motion that according to Bellevue Police Department records the events in question occurred on May 26, 2011. (Dkt. 27 at 2.)

REPORT AND RECOMMENDATION
PAGE - 2

the United States Constitution, as well as state constitutional and statutory law.  (Dkt. 1 at 3.)

PROCEDURAL HISTORY

Plaintiff submitted his complaint to the Court for filing on April 3, 2014.  (Dkt. 1.)  After reviewing the complaint, this Court ordered service of the complaint on the three named defendants; *i.e.,* the City of Bellevue, the Bellevue Police Department, and City of Bellevue Police Officer Conner.  (*See* Dkts. 8 and 9.)  Service was effectuated on the City of Bellevue and the Bellevue Police Department, but attempts to serve the individual officer were unsuccessful.  (*See* Dkts. 11, 12, 15 and 20.)  Counsel for the City of Bellevue thereafter advised the Court that there was no officer named "Conner" or "O'Conner" then employed with the City of Bellevue Police Department, and that no officer by either name was employed with the City of Bellevue at the time of plaintiff's arrest in 2011.[2]  (*See* Dkt. 21.)

On June 27, 2014, this Court issued a Pretrial Scheduling Order establishing deadlines for discovery and for the filing of dispositive motions.  (Dkt. 22.)  On September 11, 2014, plaintiff filed motions to introduce documents as evidence, for appointment of counsel, and for leave to proceed *in forma pauperis*.  (Dkts. 23, 24 and 25.)  Shortly thereafter, on September 17, 2014, defendant City of Bellevue filed the pending dispositive motion which was noted on the Court's calendar for consideration on October 17, 2014.  (Dkt. 27.)  On October 29, 2014, this Court issued an Order denying plaintiff's pending motions and granting him additional time to respond to the City's motion for judgment on the pleadings.  (Dkt. 30.)  The City's dispositive motion was renoted on the Court's calendar for consideration on November 28, 2014.  (*See* Dkt. 30.)  Plaintiff has not filed any response to the motion and the motion is now ripe for review.

---

[2] Plaintiff identified the officer in the caption of his complaint as Officer Conner but, in the body of his complaint, he referred to an Officer "Conner or Conner."

REPORT AND RECOMMENDATION
PAGE - 3

## DISCUSSION

### Motion for Judgment on the Pleadings

Defendant City of Bellevue seeks a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). A motion filed pursuant to Fed. R. Civ. P. 12(c) is reviewed under the same standard as a motion pursuant to Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). The Court also liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (citations omitted).

### Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in

another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

<u>Section 1983 Claims</u>

Plaintiff alleges in his complaint that his federal constitutional rights were violated when City of Bellevue police officers pointed a firearm at the group of individuals he was a part of at the Downtown Park, when one officer searched plaintiff's backpack without his permission, and when plaintiff was arrested and booked into the King County Correctional Facility, held for 11 months, and then eventually acquitted on the charges arising out of his arrest by City of Bellevue police officers.

As noted above, the Court was unable to effectuate service of plaintiff's complaint on the individual officer named in the complaint because the name provided by plaintiff was apparently incorrect. Thus, any intended claims against the individual officer must be dismissed. The City of Bellevue and the Bellevue Police Department were properly served in this action. The City argues, however, that defendant Bellevue Police Department should be dismissed as a named defendant because the Bellevue Police Department is not a legal entity separate from the City with the capacity to sue or be sued.

Police departments are generally not considered suable entities separate from the city itself. *See West v. Waymire*, 114 F.3d 646, 647 (7th Cir. 1997); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n. 1 (2nd Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). However, the capacity of an entity to sue or be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b). The Washington courts have made clear that city or county departments are not legal entities subject to suit. *See City of Seattle v. Dutton*, 147

REPORT AND RECOMMENDATION
PAGE - 5

Wn. 224, 226 (1928) (City of Seattle liable for acts of negligence committed by Department of Parks because department "is not an entity separate and apart from the city."); *Nolan v. Snohomish County*, 59 Wn.App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.")  Because the Bellevue Police Department is not a legal entity subject to suit under state or federal law, plaintiff's claims against this defendant must be dismissed.

As to the City of Bellevue, the only remaining defendant in this action, the City argues that plaintiff fails to allege sufficient facts in support of his cause of action against the City under 42 U.S.C. § 1983.  A local government unit or municipality can be sued as a "person" under § 1983.  *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978).  However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id*.  A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997), *citing Monell* 436 U.S. at 694.

In *Bryan County Commissioners*, the Supreme Court explained that

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality.  The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Bryan County Commissioners*, 520 U.S. at 404.

The factual allegations asserted by plaintiff in his complaint all pertain to the actions of the individual officer(s) present at the time of plaintiff's arrest.  Plaintiff asserts no factual allegations against the City itself and he fails to identify any policy or custom of the City which

REPORT AND RECOMMENDATION
PAGE - 6

caused him harm of federal constitutional dimension. Plaintiff therefore fails to adequately allege a cause of action against the City of Bellevue and, thus, any intended federal constitutional claims against this defendant must be dismissed.

### Pendant State Law Claims

As noted above, plaintiff alleges that defendants violated not only his federal constitutional rights but state law as well. The Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because plaintiff's federal constitutional claims are subject to dismissal based upon plaintiff's failure to adequately allege any viable claim for relief, this Court should decline to exercise jurisdiction over plaintiff's state law claims.

### CONCLUSION

Based on the foregoing, this Court recommends that the City of Bellevue's motion for judgment on the pleadings with respect to plaintiff's § 1983 claims be granted, and that plaintiff's federal constitutional claims be dismissed with prejudice. This Court further recommends that pendant jurisdiction over plaintiff's state law claims be declined, that the City's motion for summary judgment with respect to those claims be denied as moot, and that plaintiff's state law claims be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

### DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect

your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 23, 2015**.

DATED this 30th day of December, 2014.

/s/ Mary Alice Theiler
Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8